**Willis L. GROVE, Appellant,**

v.

**Victor A. RIZZOLO.**

No. 19556.

United States Court of Appeals, Third Circuit.

Submitted on Briefs April 23, 1971.

Decided May 10, 1971.

action but, rather, desired an investigation of the conditions under which he was being held. In these circumstances, we do not view the judge's action in referring the petition to a probation officer . as being beyond the ambit of the judicial immunity doctrine.

The judgment of the district court will be affirmed.

Willis L. Grove, in pro. per.

George F. Kugler, Jr., Atty. Gen., Dept. of Law and Public Safety, Trenton, N. J. (Stephen Skillman, Asst. Atty. Gen., of counsel, Malcolm S. Zlotkin, Deputy Atty. Gen., on the brief), for appellee.

Before SEITZ, ALDISERT and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Plaintiff appeals the district court's dismissal of his civil rights complaint on the ground that defendant, a former county judge, was protected by the doctrine of judicial immunity.

Plaintiff's complaint alleges that, while held in custody awaiting trial in the state court, he sent defendant a document entitled "Petition for Redress of Grievances" which complained of unjust and unfair treatment by the Warden; that defendant refused to hear plaintiff or order his petition filed; and that instead defendant gave the petition to the Chief Probation Officer of the County in which he was being held. Plaintiff contends that while the defendant was admittedly a judge at the time of the alleged violation, the district court erred in holding that his acts were covered by the judicial immunity defense.

The allegations of the complaint do not negative the fair inference that the defendant acted on the belief that plaintiff was not seeking to commence a legal